**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHELLE R. MATHIS,**

      **Plaintiff,**

                                            **Civil Action 2:12-cv-00363**

**v.**                                            **Judge Edmund A. Sargus**

                                            **Magistrate Judge E.A. Preston Deavers**

**DEPARTMENT OF PUBLIC SAFETY,
IMPOUND UNIT,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

On April 30, 2012, the Court granted Plaintiff's Application to Proceed Without Prepayment of Fees. This matter is before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal causes of action for failure to state a claim and **DECLINE** to exercise supplemental jurisdiction over any potential state law claims.

**I.**

Plaintiff brings this action against the City of Columbus' Department of Public Safety Impound Unit, pursuant to 42 U.S.C. § 1983. Plaintiff purports to bring claims under the Fourth Amendment for improper search and seizure; under the Fourteenth Amendment for violation of the Equal Protection Clause; and under the Ninth Amendment for violation of her inalienable rights.

According to her Complaint, in January 2012, Plaintiff was in a motor vehicle accident while driving her car. Following the accident she went to the hospital. She maintains that her vehicle was towed to the City of Columbus' Impound Unit. She remained hospitalized into

February 2012, although she continued to receive her mail during this period. Plaintiff contends that despite the towing of her vehicle, she received no notification regarding her vehicle. Plaintiff maintains that after leaving the hospital she went to the Impound Unit, but was still denied information about her vehicle. It is Plaintiff's belief that Defendant has since disposed of her vehicle. Plaintiff further believes that Defendant has acted intentionally, because of her past experiences with the Impound Unit.[1] She seeks $500 billion in compensatory damages, $20 million in punitive damages, and injunctive relief.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   \*  \*  \*
>
>  (B) the action or appeal--

---

[1] Plaintiff's Complaint also contains references to human trafficking and musicians Shawn Carter ("Jay-Z") and Sean Combs ("P. Diddy"). Although Plaintiff believes that these musicians may be involved in the seizure of her vehicle, these allegations do not support her attempt to state a facially plausible claim.

[2] Formerly 28 U.S.C. § 1915(d).

>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the

complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

**III.**

In this case, the undersigned finds that Plaintiff fails to state a facially plausible federal claim. Plaintiff first attempts to a bring claim under the Fourth Amendment for unlawful seizure. From the facts Plaintiff pleads, however, it appears that the seizure of her vehicle was proper. As both the Supreme Court and United States Court of Appeals for the Sixth Circuit have held "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Reid Mach. Inc. v. Lanzer*, 421 F. App'x 497, 505 (6th Cir. 2010) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976)). Here, Plaintiff indicates that she was in a traffic accident that forced her to go immediately to the hospital, leaving her vehicle unattended with Columbus police. Under such circumstances, Columbus police were entitled to tow and impound her vehicle. Furthermore, Plaintiff's claims do not appear to challenge the actual seizure of her vehicle, but instead focus on her inability to regain possession of her vehicle. Plaintiff's interest in regaining her vehicle, however, is outside the scope of the Fourth Amendment. *See Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) ("[T]he Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property.").

Plaintiff also fails to state a viable claim under the Equal Protection Clause. "The Equal

Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). In this case, Plaintiff does not indicate in her Complaint that Defendant is burdening a fundamental right or targeting a suspect class. *Cf. Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) ("[T]here is no fundamental right to drive a motor vehicle."). Additionally, Plaintiff does not plead sufficient facts to allow the Court to reasonably infer that Defendant intentionally treated Plaintiff differently from others with no rational basis.

Plaintiff's Ninth Amendment claim also fails to state a claim. As this Court has previously indicated, the Ninth Amendment "'does not confer substantive rights' and therefore cannot be used as a basis for a claim under 42 U.S.C. § 1983." *McIntosh v. Butler Cnty. Children's Servs. Bd.*, No. 1:09–cv–274, 2011 WL 6091764, at *10 (S.D. Ohio Sept. 2, 2011) (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)) (Report and Recommendation later adopted).

Although Plaintiff does not set it out as one of her causes of action, construing Plaintiff's Complaint liberally, she may be attempting to bring a due process claim based on Defendant's failure to send notification regarding disposition of her vehicle. Even assuming Plaintiff has pleaded sufficient facts to establish a due process violation, however, Plaintiff must still establish that the City of Columbus is responsible for the violation. *See Bybee v. City of Paducah*, 46 F. App'x 735, 738 (6th Cir. 2002). Specifically, "[t]o succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010). To prove an improper

policy or custom a "plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Here, Plaintiff fails to sufficiently plead that the City of Columbus has a custom or policy that was the moving force behind the alleged lack of notification regarding her vehicle. Plaintiff indicates that she has had unpleasant experiences with the City's Impound Unit in the past involving the towing and damaging of a prior vehicle. Plaintiff presumes, based on her past experiences, that the City of Columbus intentionally withheld notification in this case. The Court, however, cannot infer that the City of Columbus, as opposed to its employees, is directly responsible for the conduct based on these speculative statements. The mere fact that Plaintiff had poor experiences with the towing of a vehicle she previously owned is not enough for the Court to reasonably conclude that the City of Columbus has adopted an implicit custom or policy that encourages its employees to violate Plaintiff's federal rights. Accordingly, Plaintiff fails to satisfy the requisite pleading standards for municipal liability.

Finally, to the extent Plaintiff is attempting to bring state law claims, the Court should decline to exercise supplemental jurisdiction.[3] Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations

---

[3] Plaintiff maintains in her Complaint that Defendant's failure to send her notification regarding her vehicle violates Ohio statutory law.

omitted). Here, the parties are all citizens of Ohio and, as detailed above, Plaintiff fails to state a federal cause of action. Under these circumstances, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal causes of action for failure to state a claim. To the extent Plaintiff's Complaint attempts to raise state-law claims it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental jurisdiction and dismiss such claims without prejudice.

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   June 4, 2012                             /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge