UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE R. MATHIS,

        Plaintiff,

    v.

DEPARTMENT OF PUBLIC
SAFETY, IMPOUND UNIT,

        Defendant.

Case No. 2:12-CV-00363
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Michelle R. Mathis ("Plaintiff"), who is proceeding *in forma pauperis* and without assistance of counsel, brings this action pursuant to 42 U.S.C. § 1983 against Defendant the City of Columbus' Department of Public Safety Impound Unit ("Defendant"), alleging a number of constitutional violations. This matter is before the Court for consideration of Plaintiff's September 12, 2012 Objections (ECF No. 15) to the United States Magistrate Judge's June 4, 2012 Report and Recommendation (ECF No. 6). The Magistrate Judge recommended, pursuant to an initial screen, that the Court dismiss Plaintiff's federal causes of action and decline to exercise supplemental jurisdiction over any potential state law claims. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's Complaint is **DISMISSED** for failure to state a claim.[1]

---

[1] Although the Magistrate Judge recommended that the Court decline supplemental jurisdiction over any potential state law claims, Plaintiff concedes in her Objection that she is not attempting to set forth any state law claims.

## I. BACKGROUND

In January 2012, Plaintiff was the driver in a motor vehicle accident. Following the accident, she went to the hospital and her vehicle was towed to the City of Columbus' Impound Unit. Plaintiff maintains that she received no notification regarding her vehicle even though it was towed. Plaintiff alleges that following her hospitalization she went to the Impound Unit, but was still denied information regarding her vehicle. She provides that a City of Columbus Parking Violations Bureau employee provided a handwritten note stating the costs associated with the impoundment of her vehicle and outstanding parking tickets. (*See* Objections Ex. B, ECF No. 15-2.) She contends that Defendant has since disposed of her vehicle. Based on her past experiences with the Impound Unit, she believes Defendant acted intentionally.

On April 30, 2012, Plaintiff filed a pro se Complaint, pursuant to 42 U.S.C. § 1983, asserting claims under the Fourth Amendment for improper search and seizure; under the Fourteenth Amendment for violation of the Equal Protection Clause; under the Ninth Amendment for violation of her inalienable rights; and under the Fourteenth Amendment for violation of her due process rights. Plaintiff seeks to recover $500 billion in compensatory damages, $20 million in punitive damages, and injunctive relief. In her Report and Recommendation, the Magistrate Judge recommended that Plaintiff's federal causes of action be dismissed for failure to state a claim and that the Court should decline to exercise supplemental jurisdiction over any potential state law claims.

On September 12, 2012, Plaintiff filed her Objection to the Magistrate Judge's Report and Recommendation. In her Objection, Plaintiff asserts that the Magistrate Judge was not impartial

2

in her initial screen of Plaintiff's Complaint. She also argues that the Defendant violated her substantive due process rights. Finally, Plaintiff requests leave to amend her Complaint to remedy any deficiency.

## II. STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As mentioned above, Plaintiff proceeds *in forma pauperis*. Pursuant to 20 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* litigant's case at any time if it determines that the action or appeal is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

A complaint will be dismissed for failure to state a claim if it does not meet the standards set out in Federal Rule of Civil Procedure 8(a). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Twombly/Iqbal* plausibility standard to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). While a complaint does not need to contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide more than a recitation of the elements of a cause of action or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To meet the basic federal pleading

3

requirements, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When determining whether this standard is met, the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the nonmoving party. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009). In addition, a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint. Fed. R. Civ. P. 15(a); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

### III. ANALYSIS

Within her Objection, Plaintiff's primary contention is that the Magistrate Judge was

4

acting as an advocate, and was biased, in recommending dismissal.[2] The Court finds no support for this assertion. The Court has a duty to review *in forma pauperis* complaints under 28 U.S.C. § 1915. While evaluating whether a *pro se* plaintiff meets this standard, the Court must construe the complaint in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Magistrate Judge's Report and Recommendation correctly and objectively followed the standards applicable to an initial screen under 28 U.S.C. § 1915.

The Court has reviewed Magistrate Judge's Report and Recommendation and adopts its reasoning. In her Objection, Plaintiff reasserts the claims set out in her Complaint offering limited, if any, new factual support. She fails to highlight any specific error in the Magistrate Judge's analysis, aside from a thoroughly unsupported claim of lack of impartiality. For the reasons outlined within the Report and Recommendation, the Court finds that Plaintiff fails to state a claim under the Fourth Amendment, the Fourteenth Amendment's Equal Protection Clause, and the Ninth Amendment.

The Court also finds that Plaintiff has failed to plead sufficient facts to establish a substantive due process violation in her Objection. Within her Objection, Plaintiff contends that Defendant's actions violated her substantive due process rights. In the context of § 1983 actions, substantive due process claims often fall into one of two categories: claims that an individual has been deprived of a particular constitutional guarantee by state action and claims that state government action so "shocks the conscience" as to amount to a violation of one's federal civil

---

[2] Relatedly, Plaintiff requests transfer to the Northern District of Ohio due to concerns that this Court is not impartial. The Court finds no basis for such a transfer.

5

rights. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 546–47 (6th Cir. 2012). Negligence does not meet the constitutional due process threshold, but conduct "'intended to injure in some way unjustifiable by any governmental interest is the sort of official action most likely to rise to the conscience-shocking level.'" *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 535 (6th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998)). If "[']government action does not deprive a plaintiff of a particular constitutional guarantee or shock the conscience, that action survives the scythe of substantive due process so long as it is rationally related to a legitimate state interest.'" *Handy-Clay*, 659 F.3d at 547 (quoting *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir.1997)).

Plaintiff asserts that Defendant's actions, in keeping her vehicle, were conscious-shocking in nature. The Court is not convinced, however, that Plaintiff provides sufficient facts to allow for a reasonable inference that Defendant's actions shock the conscious. Additionally, Plaintiff does not plead facts demonstrating that retention of her vehicle was not rationally related to a legitimate government interest. As the Magistrate Judge recognized, Plaintiff's factual allegations suggest that the initial impoundment of her vehicle was justified because her vehicle was unoccupied following a traffic accident. (*See* Report and Recommendation 4.) Furthermore, Plaintiff offers only conclusory assertions regarding Defendant's motivations, and from such allegations the Court cannot reasonably infer that the City of Columbus was intending to unjustifiably injure her.

Relatedly, Plaintiff fails to plead sufficient facts in support of municipal liability. As the Magistrate Judge explained, Plaintiff may be attempting to bring a due process claim based on Defendant's failure to send notification regarding the disposition of her vehicle. (*Id.* at 5.) Even

6

presuming an underlying due process violation, however, Plaintiff fails to plead sufficient facts that a policy or custom of the municipality was a "moving force" behind the deprivation of her rights. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010). To prevail on a municipal liability claim, "a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Id.* The Magistrate Judge analyzed the issue as follows:

> Plaintiff fails to sufficiently plead that the City of Columbus has a custom or policy that was the moving force behind the alleged lack of notification regarding her vehicle. Plaintiff indicates that she has had unpleasant experiences with the City's Impound Unit in the past involving the towing and damaging of a prior vehicle. Plaintiff presumes, based on her past experience, that the City of Columbus intentionally withheld notification in this case. The Court, however, cannot infer that the City of Columbus, as opposed to its employees, is directly responsible for the conduct based on these speculative statements. The mere fact that Plaintiff had poor experiences with the towing of a vehicle she previously owned is not enough for the Court to reasonably conclude that the City of Columbus has adopted an implicit custom or policy that encourages its employees to violate Plaintiff's federal rights.

(Report and Recommendation 6.) As provided by the Magistrate Judge, Plaintiff's Objection does not satisfy the requisite pleading standards for municipal liability.

Finally, the Court will not grant Plaintiff leave to amend. Plaintiff requests that the Court allow her an opportunity to amend her Complaint to correct any deficiencies and avoid dismissal. Nevertheless, Plaintiff fails to demonstrate, in any matter, that she could provide a sufficient factual basis for her claims if granted the opportunity to amend. Accordingly, granting leave to amend would be futile in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 15)

7

and **ADOPTS** the Magistrate Judge's June 4, 2012 Report and Recommendation (ECF No. 6.) Plaintiff's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED.**

3-28-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**